school, the main playground, and playground equipment were visible from defendant's residence. Further, the school and main playground were on Broadway, specifically on that portion of Broadway that defendant would routinely use as he came and went between his residence and place of employment, and on other occasions.

Thus, even if the state was required to prove that defendant acted knowingly, there was sufficient evidence to permit an inference that defendant had knowledge of the location and distance of the school when he established residency at 110 Collins. The trial court did not err in denying defendant's motion for acquittal. Point two is denied.

*Conclusion*

The judgment of the trial court is affirmed.

ROBERT G. DOWD, JR., J. and KENNETH M. ROMINES, J., concur.

Susan L. Hogan, Esq., Kansas City, MO, for Appellant.

Robert J. (Jeff) Bartholomew, Esq., Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., LISA W. HARDWICK and JOSEPH P. DANDURAND, JJ.

## ORDER

PER CURIAM.

Deandrea Gray appeals the judgment of the trial court denying his Rule 29.15 motion for postconviction relief. Mr. Gray sought to vacate his convictions for assault in the first degree, section 565.050, RSMo 2000, and armed criminal action, section 571.015, RSMo 2000, and sentences of twelve and three years imprisonment, respectively. Because a published opinion would have no precedential value, a memorandum has been provided to the parties. The judgment is affirmed. **Rule 84.16(b).**

Deandrea GRAY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 68040.

Missouri Court of Appeals, Western District.

April 29, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 2008.

Brian C. ALLISON, Petitioner–Respondent,

v.

Catherine L. ALLISON, Respondent–Appellant.

No. 28755.

Missouri Court of Appeals, Southern District, Division Two.

May 2, 2008.